Green, J.
This indictment for murder is in the common law form. The plaintiff in error was convicted of'murder in the first degree, by the jury, and judgment was pronounced accordingly; from which judgment this appeal in error is prosecuted. It is now insisted, that this indictment does not charge the offence for which the prisoner is convicted, and that no judgment can be pronounced upon it. The same objection was urged when this cause was before the court at a former term. A majority of the court, howj ever, were of opinion, that the common' law indictment did charge the party with the offence-of which he was found guilty. This question has been again argued, and as it is pressed with much ingenuity, and earnestness upon the court, it has been reconsidered. After the best reflection and examination I have been able to bestow, on the subject, I still entertain the opinion, which I delivered on the former trial of the cause. In addition to the reasons then advanced, I will add some.- other considerations, -which tend to confirm the opinion heretofore entertained.
The second section of the penal act, defines murder in the terms of the common law definitiipn. Murder is ¡a particular grade of felonious homicide- Its character *526 istic feature is, that the killing must be perpetrated “with malice aforethought ” This ingredient existing, and the homicide is murder. Keeping this in view, let us examine the third section of the act. It declares, that “all murder,” not every homicide, “which shall be perpetrated by means of poison,” &c. “shall be deemed murder in the first degree.” Now it is manifest, that in this clause of the third section, the offence described is not of a higher grade, than that described in the second section. Whether the killing be perpetrated by poison, or under some excitement with an axe, can make no difference in the general distinguishing feature of the offence, to wit, “malice aforethought. True, there may be a greater degree of atrocity in the one case, than in the other, b,ut they are both murder, and neither of them is more than murder. An indictment, therefore, which charges the party with murder, will embrace both cases, and authorize a conviction for either. That the legislature had this view of the subject, results, I think, from the following considerations, in addition to what is said in my former opinion.
Having defined the offence of murder in the second section, the third commences with the words, “All murder,” and goes on to discriminate between murder in the first and second" degrees. In the use of these words, “All murder,” reference is.had to murder, as above defined in the preceding section, and they speak of the very offence there defined, and go on to speak of the various manner in which if may be perpetrated. By the use of the words, “All murder,” in this connection, it seems manifest to my mind, that they understood and intended the word “murder” to be a general legal definition of the crimes they afterwards enumerated, as being gome of the methods by which this offence is perpetrated. Another argument, in favor of this position, may be drawn, from the use of the word “degree,.” It certainly would jie incorrect to use this expression, but for the fact that *527 both the tilings spoken of as “degrees,” belong to the same general class, and hence they arc called degrees of murder; and as the word murder includes all its do-grees, consequently, a charge containing the legal definítion of murder, is a charge in all its degrees.
In addition to this, another argument is deducible from the concluding language of the third sdetion; when it is said, that the jury shall find and determine “the degree of the crime.” Here the legislature call it “the crime,” thereby demonstrating that each degree was considered by them as belonging to the same offence. The crime refered to, is murder as defined in the second section, and therefore a charge in the words of the second section is good for both degrees. v
'This court, in the case of Kirby vs. the State, at the last term, decided, that although the indictment charges the offence as being murder in the first degree, yet, that a verdict of guilty as charged, was bad, because the third section requires the jury to ascertain, in “their verdict,” the degree of the crime. But if it was intended, that the indictment should charge the offence, in the words of the third section, there was no reason for requiring that the jury should “ascertain m thoir verdict, whether -it be murder of the first or second degree.” The degree being expressly alledged, a finding of guilty in manner and form as charged, would be a finding of the highest degree, and if the jury believed it was a less offence, they would have been directed by the court so to pronounce it, without this enactment of the statute, in the same manner that a party is found guilty of manslaughter, when the indictment charges the offence to be murder. But if, as I think it is manifest, the legislature intended, that the' common law form of an indictment should still, prevail in all cases of murder, of whatsoever grade, then the. direction that the verdict of ■ the jury should state the degree of the crime, was proper and necessary.
2. It is assigned for error, that the indictment is culi- *528 tied as of the March term of Jackson circuit court, 1832, when the caption of the record shows that the court set in April. The statement of the term of the court, which is put at the head of this indictment, is no part of it; and in England, is not put at the head of their indictments. They commence with Middlesex, to wit, “The jurors for our Lord the King, upon their oath, present,” &c. 2 Chitty’s Crim. Law, 177: Archb. Crim. Plead. 2. The caption must set forth the court in which, and the jurors by whom, and also the time and place at which the indictment was found, and that the jurors were of the county. Jac. Law Dic. Indictment III. The caption is no part of the indictment, but is a formal statement of the proceedings, as above set forth, which occur previously to the introduction of the indictment, and which, in England, did not appear until the return of a writ of certiorari, or writ of error. 1 Chitty’s Crim. Law, 326. It commenced, “Norfolk, at a general sessions of the peace,” &c. and then contained a statement, of the facts above mentioned. 1 Chitty’s Crim. Law, 327. All these requisites exist in the caption to the indictment in this case. It is therefore seen, that the words “March term,” at the top of this indictment, are wholly immaterial, and may be disregarded. It is true, if these words had been a material part of the indictment, the whole would have been void for their repugnancy with the term and date set forth in the caption. Jac. Law Dic. 3. But as these facts truly appear in all those parts of the ‘record, in which it is material they should be stated, the immaterial statement of a wrong term of the court, at this place, does not vitiate the proceedings.
3. It is insisted, that the evidence only makes this a case of murder in the second degree, and that the jury ought so to have found it.
It appeal’s from the evidence, that the deceased Was surveying some land, in one boundary of which the prisoner was interested. When they came to a place where *529 the prisoner had done some ploughing, a conversation between the prisoner and the deceased, not calculated to excite an ordinary man into anger, arose, relative to the ploughed land, which the deceaséd said was beyond the prisoner’s boundary; and upon the deceased saying to the prisoner, that he reckoned he would not tend said land, which was beyond his line, the prisoner raised an axe, 'and struck a blow with the edge thereof, into the back part of the head and neck of the deceased, of which he instantly died.
Were it not for the good character the prisoner has proved, coupled with the facts, that he is ignorant, of weak intellect, and hears very badly, circumstances which enlist our sympathies in his behalf, and plead strongly in his favor, the case would exhibit great depravity. Taking these facts into view, I think that the jury would have been warranted in finding a verdict of murder in the second degree. But as that opinion was expressed by some of the members of this court, when the cause was here two years ago, and as, with that intimation given them, another jury, with the case placed fairly before them by the circuit judge, have found a verdict of murder in the first degree, this court cannot, upon such a case, give a second new trial, after it has been refused by the circuit court. Let the judgment be affirmed.